PLANET LINE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70699. Promulgated April 3, 1936.

*Frank V. Barns, Esq.*, for petitioner.
*Harry F. Morton, Esq.*, for respondent.

OPINION.

TYSON: The income tax deficiency in the amount of $9,031.75 here in controversy has been asserted by respondent due to his disallowance of a claimed deduction of $90,765.96 as interest paid in 1930, based upon his determination that such interest was incurred in prior years and petitioner kept its books of accounts

and made its returns upon the accrual method of accounting. Petitioner assigns error in such determination.

The facts are not in dispute and the sole issue presents the question of whether petitioner kept its accounts and filed its tax returns on a cash receipts and disbursements basis or on the accrual basis. For the purposes of this opinion we do not deem it necessary to make a detailed finding of fact of the numerous accounts maintained in the two sets of double entry books of account, each comprising a cash book, journal, and journal ledger, set up to record the various and sundry items peculiar to petitioner's business. We will confine ourselves to a statement of the method of accounting employed.

Petitioner was incorporated under the laws of New York in 1923, for the purpose of entering into and carrying out a joint operating agreement between the petitioner and the Planet Steamship Corporation covering the operation of a fleet of seven chartered cargo vessels. Such agreement was entered into in March 1923, and the performance thereof by petitioner was guaranteed by the Seas Shipping Co., Inc., which owned the entire capital stock of petitioner. Under the terms of the agreement petitioner was to receive a manager's commission of $7\frac{1}{2}$ percent of the gross freight of each cargo loaded, moneys received from charter hire, dead freight, and demurrage. Out of such receipts petitioner was to pay all of its expenses as "charterer" for management, overhead, husbanding, solicitation of freight, brokerages, agency fees and commissions at any and all ports, insurance on each vessel, etc. The net profits, if any, shown by the liquidation of accounts of completed voyages within each calendar six-month period were to be divided equally between petitioner and the Planet Steamship Corporation. Petitioner did not engage in any other business. The operating agreement was terminated in 1930 and since that time petitioner has not been engaged in any business except that of winding up its affairs.

Throughout each of the years 1923 to 1930, inclusive, petitioner consistently followed one method of accounting and set up on its books to record in great detail the numerous items in the various accounts necessarily maintained to reflect the transactions carried out under its joint operating agreement. The whole system of accounting revolved around the completed voyage basis for determining profits and losses from its operation of steamships. At the end of each calendar six-month period the accounts of all voyages completed within that period were "liquidated" and closed out to profit and loss. All items of income accrued and all items of expense incurred and accrued in connection with such completed voyages were taken into account in determining the profits or losses on such voyages, irrespective of actual cash receipts or disbursements pertaining thereto. Current cash receipts and dis-

bursements applying to incompleted voyages in any current six-month period were not included in the computation of profits or losses for such period, but were carried as deferred items of income or expense until such voyages were completed. Prepaid insurance premiums were carried as a deferred item until the completion of a voyage, at which time that portion of the premiums applicable to such completed voyage on a per day basis was charged to that voyage account as an expense of operation. Petitioner managed its vessels and secured cargoes through agents at various ports and it paid to such agents commissions at the rate of from 2½ to 5 percent of the freight. Petitioner's agents' accounts, whether paid or accrued, either as to balances due petitioner or due the agents, were reflected in the liquidated completed voyage accounts. Petitioner credited as income to itself for a particular six-month period only that portion of its 7½ percent manager's commissions applicable to voyages completed within that period, whether actually received or not, and it charged against such income all expenses applicable to such voyages, whether paid or not. Commissions actually received in cash but applicable to incompleted voyages were carried as deferred items until such voyages were completed. Petitioner's one-half of the net operating profits or losses was also determined only upon completed voyages within the particular six-month period, irrespective of whether the profits were actually received or the losses actually paid in cash. Office salaries and office rental were charged to expense as paid during any current period.

At various times during the years 1923 to 1930 petitioner borrowed from the Seas Shipping Co., Inc., various sums of money used in carrying out the operating agreement. The amounts of such loans were set up on petitioner's books, but no items of interest thereon were entered until the actual payment thereof in the total amount of $96,948.46 in 1930, when the balance due on the loans was repaid. On account of such loans, the principal amount due from petitioner to the Seas Shipping Co., Inc., and the interest due thereon at the close of each year was as follows:

| Dec. 31 | Balance of principal due | Interest due |
|---|---|---|
| 1923 | $171,000 | $3,627.65 |
| 1924 | 136,000 | 9,244.34 |
| 1925 | 301,000 | 13,395.84 |
| 1926 | 250,000 | 13,714.82 |
| 1927 | 280,000 | 14,436.66 |
| 1928 | 300,000 | 18,096.66 |
| 1929 | 300,000 | 18,249.99 |
| Total | | 90,765.96 |
| 1930 | 125,000 | 6,182.50 |
| Total | | 96,948.46 |

For each of the calendar years 1923 to 1929, inclusive, petitioner made its income tax return on the above outlined method of accounting for its income and deductions for a whole calendar year and stated on each return that it was made on the accrual basis. It did not claim a deduction in any of those years for the interest due on its indebtedness to the Seas Shipping Co., Inc. For the calendar year 1930 petitioner made its return on the basis of the same method of accounting as to income and deductions applicable to its operation of steamships. In addition to gross income items designated "Profit from Voyages" and "Commission Earned", it also reported as gross income the sum of $76,072.44 as the net amount received in connection with the cancellation of the operating agreement. In addition to other deductions petitioner deducted the amount of $96,948.46 as interest paid in that year. The space provided on the return for a statement of the "Basis of Return" was left blank.

Respondent allowed as an interest deduction for the year 1930 the sum of $6,182.50 which became due in that year, but disallowed the deduction of $90,765.96 on the ground that it had accrued in prior years.

Pursuant to the provisions of sections 41, 42, and 43 of the Revenue Act of 1928 (set out in the margin),[1] petitioner's net income must be computed in accordance with its method of accounting regularly employed in keeping its books, and deductions provided for by the statute, including the item of interest here in controversy, may be taken only for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon petitioner's method of accounting. The statute does not prescribe any particular method of accounting, but whatever system is adopted by a taxpayer must meet the statu-

---

[1] SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 48 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year. (For use of inventories, see section 22 (c).)

SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period.

SEC. 43. PERIOD FOR WHICH DEDUCTIONS AND CREDITS TAKEN.

The deductions and credits provided for in this title shall be taken for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period.

tory requirement that it clearly reflect income, and it must be consistently followed. *Alfred E. Badgley*, 21 B. T. A. 1055; affd., 59 Fed. (2d) 203; *Melville W. Thompson*, 18 B. T. A. 1192; *Ribbon Cliff Fruit Co.*, 12 B. T. A. 13.

It is clear that petitioner's method of accounting ignored current cash receipts and disbursements for the purpose of determining profit and loss from its business operations for each of the calendar years 1923 to 1930, inclusive, and therefore it was not on a cash basis of accounting. In "liquidating" completed voyage accounts to profit and loss account, petitioner's books reflected all accrued and incurred receipts and disbursements pertaining to such completed voyages for the purpose of determining profit and loss from its steamship operations. Such accounting employed the accrual method as applied to the completed voyage system, which, in our opinion, clearly reflected petitioner's profits and losses from the operation of its particular type of business enterprise. Cf. *Falketind Ship Co.*, 6 B. T. A. 44, and *Kahuku Plantation Co.*, 12 B. T. A. 977, 984. Accordingly, aside from the fact that petitioner carried into its profit and loss account for a particular calendar year only the profit or loss on voyages completed within that year, petitioner's profit or loss from its principal, if not only, source of income, has been consistently determined upon the accrual basis. In our opinion petitioner should have also accrued on its books, in each calendar year, all items of receipts and disbursements accrued or incurred in those respective years that were not allocated as an expense of a particular completed voyage, such as the incurred interest liability here in controversy, which did actually pertain to the business carried on and the income produced in each of those years. Cf. *Kahuku Plantation Co., supra.* The failure to do so did not have the effect of placing petitioner on a cash basis of accounting. Cf. *C. C. Harris Oil Co.*, 13 B. T. A. 937, 939. Petitioner may not, for the year 1930, change to a different basis of accounting solely for the purpose of securing an offset against income for that year. Cf. *Russell G. Finn*, 22 B. T. A. 799. To allow as a deduction in 1930 the amount of $90,765.96 interest incurred as a liability in prior years and pertaining to the operation of petitioner's business in those years, would be not only contrary to its accrual method of accounting as applied to its completed voyage system of determining income for those prior years, but would clearly distort petitioner's net income for the year 1930.

The respondent's determination is approved.

*Decision will be entered for the respondent.*